Opinion delivered by
Junkin, P. J.
This was an action on the case, the declaration containing several counts, some for a breach of fraudulent warranty of soundness and fitness on sale of a horse, and some in deceit in representing both soundness and fitness, with scienter, and on trial plaintiff recovered as damages less than $100, and the question is, does the verdict carry costs? That depends on whether a justice of the peace had jurisdiction of the cause of action. That he had of the simple breach of warranty is undoubted, but certainly not of the deceit, for that is a tort. Then the question must turn on the right of the plaintiff to combine in the same action and declaration a claim for a breach of a contract, with one for fraudulent representations, amounting to deceit. If he can do this *and gain thereby more than by the simple action of assumpsit, the only form of demand cognizable before a justice, then he should be permitted to select his forum *10 without loss. It is really interesting to point out the anomalous character of this action. Notwithstanding the general rule that a suit in tort cannot be based upon contract, it is settled by Williamson v. Allison, 2 East, 446 ; Jones v. Bright, 5 Bingham, 533; Brown v. Edgington, 2 M. & G. 279; Schuhardt v. Allen, 1 Wallace, 359, and our own case of Vanleer v. Earle, 2 Casey, 277, that an action on the case lies for a breach of a warranty, without evidence of fraud, or misrepresentation on the part of defendant. It is even commended for its advantages, because if plaintiff proves a warranty, and fails to show fraud, he may recover, because after all the gist of the action is contract, and the allegation of fraud, mere surplusage or aggravation, and if he fails in establishing the ■warranty, but succeeds in proving wilful misrepresentation, he gains his cause on that ground. It seems to involve a twofold operation, a sort of legal revolver, which gives the plaintiff two shots instead of one, in a measure, raking the field with grape and canister. In comparison with the action of assumpsit, it is as superior as the needle gun over the old flint lock. But it is a form of action well supported by authority, as may be seen in the first volume of Smith’s Leading Cases (Hare v. Wallace), pages 325 and 326, and the eulogistic opinion of our own Supreme Court, in its favor in Vanleer v. Earle, 2 Casey, 277.
Now, whilst a justice of the peace could have dealt with the contract feature of this agreement in assumpsit, he could have done nothing with the allegation of deceit; in short, one-half of the controversy was beyond his jurisdiction, and if the plaintiff was compelled, or risk his costs to sue before a justice, it would in effect place him in the field at a disadvantage, for instead of bringing his whole force into action, one half thereof would be unemployed, which, in any contest, is a serious loss. It is thus perceived that the justice’s forum would be too contracted for this contest; the battle would be only one-half fought, which is against the policy of the law. The law delights in thorough and decisive work, inviting each side to do its best, and never permits two battles where one will end the controversy. It follows, thus, that the plaintiff having the right to sue in case, and try both the warranty and the fraud in the same action, could, and was compelled to, bring his action in the only court capable of dealing with the case, as a whole, and hence recovers costs.